**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

**NORTHERN ARTISAN POTABLES LLC**, a Colorado limited liability company,

Plaintiff.

v.

**LIQUID BRANDS DISTILLERY LLC**, a Washington limited liability company,

Defendant.

---

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

---

COMES NOW Plaintiff NORTHERN ARTISAN POTABLES LLC, a Colorado limited liability company ("Plaintiff"), by and through counsel Whitaker Chalk Swindle & Schwartz PLLC and Messner Reeves LLP submits its Complaint and Jury Demand, as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 (federal question); pursuant to 28 U.S.C. § 1332 (diversity); and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

2.      The Court has personal jurisdiction over Defendant by virtue of the fact that Defendant has solicited business within Colorado through online and interactive marketing as well as seeking nationwide, federal trademark registrations for use of trademarks which are at issue in this matter.  Defendant's acts have caused injury and damages in Colorado.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial amount of property at issue is situated within this District.

{04680806 / 8}

## PARTIES

4.      Plaintiff is limited liability company organized under the laws of the State of Colorado with a principal office address of 1103 Lincoln Ave, Steamboat Springs, Colorado 80487.

5.      Defendant Liquid Brands Distillery ("Defendant") is a limited liability company organized under the laws of the State of Washington with a principal office address of 714 North Lee Street, Spokane, Washington 99202. Its registered agent for service is Steven Anderson located at 720 West Boone Avenue, Suite 200, Spokane, Washington 99201.

## GENERAL ALLEGATIONS

### PLAINTIFF'S ACTIVITIES

6.      Plaintiff was formed in 2014 with a purpose to establish a distillery and related business interests. Plaintiff sells distilled spirits at wholesale, retail, and within public establishments such as bars, restaurants and its privately owned spirit room.  Plaintiff operates its distillery under the name "Steamboat Whiskey Company" distilling, selling and promoting various product lines of spirits.

7.      Plaintiff was formed by , Nathan and Jessica Newhall, among others. Nathan Newhall served as a United States Navy SEAL. One of the core principles behind the establishment and operation of Plaintiff was to amplify and support fellow veterans.

8.      Plaintiff has received recognition throughout the United States for its products and company mission as it relates to promoting causes for veterans. The company is recognized, among other veteran groups, as an official partner of the Navy SEAL Fund.  Attached as **Exhibit 1** is evidence of recognition of Plaintiff as an official partner of the Navy SEAL Fund.

9.      In line with its company values, in 2017 Plaintiff introduced its first distilled spirits product, a bottled whiskey, marketed and sold as "WARRIOR WHISKEY". The inspiration for this name was related to Plaintiff's intended purpose to honor and support veterans. Plaintiff donates a portion of proceeds from the sale of this product to veteran causes. Attached as **Exhibit 2** are pages from of Plaintiff's website dedicated to its donations to veteran causes

10.     An example of a bottle of whiskey bearing a "WARRIOR WHISKEY" mark of Plaintiff appears below:



11.     Plaintiff has used the term "WARRIOR WHISKEY" and related imagery in association with the marketing, sale and production of distilled spirits since 2017. A label

produced by Plaintiff in 2017 incorporating the phrase "WARRIOR WHISKEY" is attached as **Exhibit 3**.

12.    "WARRIOR WHISKEY" is currently sold in a number of states including Colorado, Washington, Utah, Montana, North Dakota, Idaho, Illinois, Tennessee, Texas, North Carolina, Virginia Florida.

13.    "WARRIOR WHISKEY" is marketed nationwide via internet on Plaintiff's website, https://www.steamboatwhiskeyco.com/, and via its associated social media handle, https://www.instagram.com/steamboatwhiskeyco/. Attached as **Exhibit 4** are screenshots of webpages associated with these websites.

14.    Through widespread, continuous use of marks containing the term "WARRIOR WHISKEY", Plaintiff owns valid and subsisting common law rights to "WARRIOR WHISKEY" trademarks ("Common Law Marks"). Plaintiff's Marks are distinctive to the consuming public and within Plaintiff's trade.

15.    Plaintiff is the owner of valid and subsisting United States Trademark Registration Number 5861472 on the Principal Register of the United States Patent and Trademark Office ("USPTO") for the word mark "WARRIOR WHISKEY" (hereinafter "Registered Mark"). Attached as **Exhibit 5** is a true and correct copy of the registration certificate for Plaintiff's Registered Mark issued by the USPTO on September 17, 2019.

16.    Plaintiff's Registered Mark is based upon continuous and consistent use of the mark "WARRIOR WHISKEY" for distilled spirits, namely, whiskey, since at least as early as October 1, 2017. Plaintiff's Common Law Marks and Registered Mark shall hereafter be referred to, collectively, as Plaintiff's "Warrior Marks."

17.    As a result of Plaintiff's expenditures and efforts in marketing and distribution of "WARRIOR WHISKEY", Plaintiff's Warrior Marks have come to signify the high quality and purpose of goods designated by the marks, and have acquired incalculable distinction, reputation and goodwill belonging exclusively to Plaintiff.

18.    In addition to Plaintiff's Warrior Marks, Plaintiff is also the owner of various other common law and federal statutory rights in other trademarks relating to its other lines of products including "SKI TOWN" for vodka, gin and rum. However, Plaintiff's initial product offering was a whiskey, which it has branded with its Warrior Marks since 2017.

19.    Plaintiff maintains an interest in building and protecting its intellectual property assets. This includes securing registration of its Registered Mark and its related federal registration of Registration Number 5570261, for the following design mark for distilled spirits, namely, whiskey;



Attached as **Exhibit 6** is a true and correct copy of the registration certificate for Plaintiff's trademark issued by the United States Patent and Trademark Office on September 25, 2018.

20.    Plaintiff has expended substantial time, money, and resources marketing, advertising and promoting its products, including those sold under its Warrior Marks.

21.    Plaintiff promotes its association with veterans and veterans' associations by promoting "WARRIOR WHISKEY" nationally through sponsorships of events, donations, and in-person appearances. Attached as **Exhibit 7** is information related to Plaintiff's contributions to veteran causes.

22.    Plaintiff's business, including its product "WARRIOR WHISKEY", has received prominent media attention locally, regionally, and nationally since 2017. Plaintiff has received attention, and displayed its Warrior Marks, from entities such as Steamboat Pilot & Today, CBS local news and Fox News. Attached as **Exhibit 8** are examples of publicity received by Plaintiff.

23.    A caption in the October 6, 2017 Steamboat Pilot & Today article regarding Plaintiff operating a pub which served ""WARRIOR WHISKEY" stated that Plaintiff "opened the new business to the public on Friday." A January 8, 2018 report by CBS Denver refers to "four months" of operation in downtown Steamboat which had already raised "$14,000 for veterans charities."

24.    Plaintiff has also earned distinctions for its quality of products.  As early as 2018, Plaintiff received the American Distilling Institute's Silver Medal.

25.    Plaintiff offers and sells its products under its Warrior Marks to consumers of alcoholic beverages, particularly those seeking premium, small batch liquors, and supporters of veterans and the military.

### DEFENDANT'S ACTIVITIES

26.    Based upon information and belief, Defendant owns and operates a craft distillery under the trade name Liquid Brands Distillery.

27.     Based upon information and belief, Defendant was organized on December 17, 2015 by Richard and Mary Clemson. Defendant was administratively dissolved on May 3, 2018 by the State of Washington for failure to file an Annual Report for the year 2017. Defendant was reinstated as an entity in good standing on May 16, 2018.

28.     Based upon information and belief, Defendant did not sell any distilled spirits prior to 2018. On its website and other marketing materials, Defendant markets itself as "Veteran Owned."

29.     Defendant did not acquire its first craft distilling license until September 28, 2017. Attached as **Exhibit 9** is a true and correct copy of documentation regarding this approval. Also reflected in this exhibit is that Defendant did not register with the State of Washington either "Liquid Brands Distillery" nor "Warrior Liquor" as trade names until October 23, 2018.

30.     Prior to selling bottled sprits in interstate commerce, a bottle label must be approved by the U.S. Department of the Treasury, Alcohol and Tobacco Tax and Trade Bureau ("TTB"). The TTB reviews and approves Certification of Label/Bottle Approvals ("COLA") under TTB F 5100.31. An approved label is required for each bottle of spirits sold across state lines. Defendant received its first COLA approved labels for Warrior Vodka and Warrior Gin on November 30, 2017. Each of these initial label approvals were surrendered by Defendant by February 20, 2018. Attached as **Exhibit 10** is information accessed from the TTB website regarding approvals received by Defendant.

31.     Based on an article published on the online publication *Inlander* dated October 18, 2018, Defendant's founder Richard Clemson is quoted as stating "Warrior Liquor is that new, 'last' business, a distillery that started producing vodka and gin in December 2017 at a

space they converted from a warehouse into a vast operation fronted by a beautiful tasting room that opened in late summer [2018]." Attached as **Exhibit 11** is copy of this article, last accessed on March 5, 2021 at https://www.inlander.com/spokane/new-warrior-liquor-distillery-gives-spokane-couple-a-fresh-flavorful-new-start/Content?oid=13516025/. This October 18, 2018 article further states that "[Mary and Rich Clemson] spent the last nine months building up inventory and jumping through various regulatory hoops necessary before opening to the public."

32.     According to filings made by Defendant in relation to its federal trademark application for "Liquid Brands Distillery" (Serial No. 87468943, Reg No. 5633747), Defendant first used the trademark "Liquid Brands Distillery" in commerce in 2018. Attached as **Exhibit 12** is a true and correct copy of a summary of this application's status as it appears on the Trademark Electronic Search System of the USPTO.

33.     Regarding its products, Defendant made several unsuccessful attempts to federally register trademarks which included the term "Warrior". The first of these attempts was with USPTO Serial Number 87468952, the following design mark related to "distilled spirits, namely, vodka."

$$\longrightarrow \text{W A R R I O R} \longrightarrow$$
$$\text{V O D K A}$$

This application was abandoned by Defendant and failed to achieve registration after Defendant failed to respond to an Office Action dated December 29, 2017. However, despite this abandonment and failure, Defendant continues using this mark to this day. Attached as **Exhibit 13**

is a true and correct copy of a summary of this application's status as it appears on the Trademark Electronic Search System of the USPTO.

34.     Defendant made an unsuccessful attempt to federally register the word mark "WARRIOR LIQUOR", USPTO Serial Number 88323197 for distilled spirits. This application was also abandoned and failed to register after Defendant failed to respond to an Office Action dated May 27, 2019. Notwithstanding this failure, Defendant has continued to use "WARRIOR LIQUOR" on its products, within the URL of its company website, http://warriorliquor.com/ and social media handles https://www.instagram.com/warriorliquor/ and https://www.facebook.com/WarriorLiquor/. Attached as **Exhibit 14** is a true and correct copy of pages associated with Defendant containing the term "WARRIOR LIQUOR" and/or "warriorliquor".

35.     Defendant successfully registered the word mark "Be a Warrior. Conquer Life", UPSTO Registration Number 5818469, for distilled spirits. However, in a submission to the USPTO regarding this application, Defendant submitted a Specimen, or a purported example of use of the mark, featuring imagery related to the already-rejected "Warrior Vodka" mark and the soon-to-be rejected "Warrrior Liquor" mark.



Defendant has, and continues to use, "Warrior" related marks regardless if they are deemed worthy of federal registration with the USPTO.

36.    Defendant has sold at least two dozen products using the term "Warrior" followed by a general description of the type of liquor. This includes the following products: Warrior Bourbon Whiskey, Warrior Vodka, Warrior American Ruby Dry Gin, Warrior Peanut Butter Cup Whiskey and Warrior Rye Whiskey. Attached as **Exhibit 15** true and correct copy of the homepage of Defendant's website featuring twenty-two "Warrior" products marketed for sale by Defendant as of May 5, 2021, each alleged by Plaintiff as violating Plaintiff's intellectual property rights.

37.     Additionally, as reflected in Exhibit 10, Defendant has sought approval for 57 bottle labels with the TTB incorporating the term "Warrior".  Each of these designations, if used in commerce, constitute infringement of the rights of Plaintiff's Warrior Marks.

38.     Defendant also operates a tasting room in Washington which uses "Warrior" marks and imagery throughout its marketing materials.

39.     The "Warrior" marks utilized by Defendant are substantially similar to Plaintiff's Warrior Marks and are likely to cause confusion or mistake with Plaintiff's products. Many marks of Defendant include the term "Warrior" followed, generally, by a descriptor of the type of spirit contained, such as "Whiskey", "Vodka" or "Rye Whiskey". These designations feature the same dominant term, "Warrior", as Plaintiff's Warrior Marks and describe products similar to "WARRIOR WHISKEY". Based upon information and belief, Defendant has used other marks for distilled spirits including the term "Warrior". The sound, appearance and meaning of these marks are substantially similar to those owned by Plaintiff.

40.     Defendant has and continues to market, advertise, promote, offer for sale and sell the identical types of products to those of Plaintiff, with marks substantially similar to those of Plaintiff, within like channels of trade as Plaintiff.

41.     Defendant has marketed, advertised, promoted, offered for sale, and sold its infringing products within markets overlapping those of Plaintiff. Further, Defendant has and continues to expand its marketing and sales of products within a reasonable zone of natural expansion of the markets of Plaintiff, thereby interfering with Plaintiff's past, present and future economic opportunities.

42.    Upon information and belief, Defendant has marketed, advertised, and promoted its products including "Warrior" marks through Defendant's marketing, advertising, promotional channels and media with overlap and similarity with those of Plaintiff.

43.    Upon information and belief, Defendant offers and sells its products under "Warrior" marks to consumers of distilled spirits as well as liquor retailers which overlap with the consumers to which Plaintiff markets and sells its products.

44.    Upon information and belief, Defendant's infringing acts as alleged herein have resulted in a likelihood of confusion, including actual confusion among consumers seeking to purchase distilled spirits from Plaintiff.

45.    Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's Warrior Marks, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's products to the Defendant.

46.    On September 23, 2020, counsel for Plaintiff sent counsel for Defendant a letter ("September 23rd Letter") demanding that Defendant cease and desist its use of marks that were confusingly similar to Plaintiff's Warrior Marks. Attached as **Exhibit 16** is a true and correct copy of this September 23rd Letter.

47.    On November 2, 2020, counsel on behalf of Defendant sent a letter ("November 2nd Letter") responding to Plaintiff's September 23rd Letter. A true and correct copy **Exhibit 17** is a true and correct copy of this November 2nd Letter.

48.    In Defendant's November 2nd Letter, Defendant claimed, without any supporting evidence, that it has continuously used "Warrior" marks in connection with the sale of distilled spirits since 2016. However, as referenced above, Defendant was not legally authorized

approved to operate a distillery until October 2018 and did not first attempt to distill spirits until December 2017. Defendant also stated in this letter that it did not have plans to operate outside the State of Washington and its immediate vicinity.

49.    Plaintiff undertook an effort to investigate the assertions made by Defendant in its November 2nd Letter. However, on December 5, 2020, in direct contradiction to assertions made in its November 2nd Letter, Defendant filed four applications with the USPTO for federal registration for the following trademarks incorporating the term "Warrior": Warrior Cherry Bomb Bourbon (Serial No.90360984), Warrior Xpresso Bourbon (Serial No. 90360979), Warrior Peanut Butter Cup Whiskey (Serial No. 90360972), Warrior American Ruby Dry Gin. (Serial No. 90360967). Defendant did not inform Plaintiff of these filings either before or after December 5, 2020. These filings followed unsuccessful attempts by Defendant to register the marks Cherry Bomb Bourbon (Serial No. 88525824), Sugar Baby Bourbon (Serial No. 88525827), and Espresso Bourbon (Serial No. 88525826) in July 2019.

50.    Based upon Defendant's failure to properly address Plaintiff's prior cease and desist demands, and the actions of Defendant to increase its usage of infringing "Warrior" related marks in the interim, on January 11, 2021, Plaintiff sent a letter containing a renewed and updated cease and desist demand ("January 11th Letter"). Attached as **Exhibit 18** is a true and correct copy of this January 11th Letter.

51.    Plaintiff's January 11th Letter described what it believed were untruthful and/or misleading statements made by Defendant in its November 2nd Letter.

52.    Plaintiff's January 11th Letter also referred to additional infringing acts by Defendant since Plaintiff's September 23rd Letter. Despite this renewed demand, Defendant 1)

continued to use each of its infringing "Warrior" marks on its products, websites, tasting room and social media handles, and 2) fraudulently sought federal trademark protection for additional "Warrior" trademarks within the same trademark class of the Registered Mark. Based upon information and belief, unless otherwise restrained, Defendant will continue to market, sell and distribute additional products which infringe Plaintiff's Warrior Marks, including new products and services launched after notice of infringement by Plaintiff.

53.     Defendant has failed to provide any response to Plaintiff's January 11th Letter. There is no evidence that Defendant has complied with the demands set out in Plaintiff's counsel's cease and desist letters. In fact, evidence suggests that Defendant has increased, rather than eliminated, its infringing activities since receiving Plaintiff's cease and desist demands.

54.     Defendant's acts have been willful and deliberate. In addition to direct notice of infringement(s) by Plaintiff, Defendant has had actual notice from its attempts to acquire federal registration for its "Warrior Vodka" and "Warrior Liquor" marks that its "Warrior" related marks were not worthy of federal trademark registration. Despite these failures, Defendant has consistently used "Warrior" marks in commerce.

55.     Defendant applied for federal trademark registration of four new "Warrior" trademarks on December 5, 2020. Defendant has made a willful and deliberate attempt to fraudulently register marks containing the term "Warrior" after Plaintiff's September 23rd Letter. Defendant has taken active steps to attempt to devalue the Plaintiff's Warrior Marks and to continue to use "Warrior" related marks in interstate commerce.

56.     Plaintiff has not authorized Defendant to use any mark incorporating the term "Warrior" for use related to any product offered by Defendant.

57.    Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's products and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's products, website and social media pages originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

58.    Defendant's acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement)

59.    Plaintiff repeats and realleges paragraphs 1 through 58 herein, as if set forth herein.

60.    Defendant's unauthorized use in commerce of "Warrior" marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's products and services, and is likely to cause consumers to believe, contrary to fact, that Defendant's products and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

61.    Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Registered Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

62.     Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

63.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition)

64.     Plaintiff repeats and realleges paragraphs 1 through 58 herein, as if set forth herein.

65.     Defendant's unauthorized use in commerce of "Warrior" marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's products and services, and is likely to cause consumers to believe, contrary to fact, that Defendant's products and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

66.     Defendant's unauthorized use in commerce of the marks containing the term "Warrior" as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

67.     Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

68.     Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

69.     Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

70.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
### (Cancellation of Registration and Abandonment of Trademark Applications)

71.     Plaintiff repeats and realleges paragraphs 1 through 58 herein, as if set forth herein.

72.     Pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, Plaintiff seeks cancellation of any registration that result from Defendant's federal trademark applications for Warrior Cherry Bomb Bourbon (Serial No.90360984), Warrior Xpresso Bourbon (Serial No. 90360979), Warrior Peanut Butter Cup Whiskey (Serial No. 90360972) or Warrior American Ruby Dry Gin. (Serial No. 90360967).

73.     Plaintiff will be damaged by registration of such trademarks as they are confusingly similar to Plaintiff's Warrior Marks and were fraudulently filed as a deliberate attempt to undermine the goodwill of Plaintiff.

## FOURTH CLAIM FOR RELIEF
### (Colorado Common Law Trademark Infringement)

74.     Plaintiff repeats and realleges 1 through 58 herein, as if set forth herein.

75.     Defendant's use of "Warrior" marks constitute trademark infringement and unfair competition under the common law of Colorado. Defendant's use of confusingly similar marks to those of the Warrior Marks of Plaintiff in connection with the sale, offering for sale, distribution and advertising of products and services is likely to cause, and has caused, confusion, mistake and deception as the origin of Defendant's products, or the affiliation, sponsorship or other relationship between the parties.

76.     Defendant's use of "Warrior" marks are likely to cause confusion, mistake and deception among consumers related to the origin and quality of products bearing such marks as consumers are likely to believe that Defendant's products and activities are authorized by Plaintiff.

77.     Defendant's conduct has been and continues to be willful, deliberate and in bad faith and malicious intent to trade on the goodwill associated with Plaintiff.

78.     Defendant's deceptive acts have had and will continue to have a significant negative impact on actual or potential consumers of Plaintiff's products and services.

79.     Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for Judgment against the Defendant and for relief as follows:

1.       That Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2.       That Defendant has infringed the common law rights of Plaintiff by engaging in acts constituting trademark infringement and unfair competition.

3.       Granting an injunction permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a.       manufacturing, distributing/providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute/provide, sell, market, advertise or promote any distilled spirits product bearing "Warrior" marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Warrior Marks;

b.       engaging in any activity that infringes Plaintiff's rights in its Warrior Marks;

c.       engaging in any activity constituting unfair competition with Plaintiff;

d.       making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's products or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated,

affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's products are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

e.      using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

f.      registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the "Warrior" or any other mark that infringes or is likely to be confused with Plaintiff's Warrior Marks, or any goods or services of Plaintiff, or Plaintiff as their source; and

g.       aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

4.      Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's products or services.

5.      Directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that

feature or bear any designation or mark incorporating the term "Warrior" or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Warrior Marks, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing "Warrior" or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's Warrior Marks, and to immediately remove them from public access and view.

6.    Directing Defendant to formally abandon with prejudice any and all of its applications to register "Warrior" marks or any mark consisting of, incorporating, or containing Plaintiff's Warrior Marks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

7.    Directing Defendant to cancel with prejudice any and all of its registrations for "Warrior" or any mark consisting of, incorporating, or containing Plaintiff's Warrior Marks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

8.    Directing, pursuant to Section 37 of the Lanham Act (15 U.S.C. § 1119), the cancellation of any marks resulting from Warrior Cherry Bomb Bourbon (Serial No.90360984), Warrior Xpresso Bourbon (Serial No. 90360979), Warrior Peanut Butter Cup Whiskey (Serial No. 90360972) or Warrior American Ruby Dry Gin. (Serial No. 90360967) or any and all other

federal registrations for "Warrior" or any mark consisting of, incorporating, or containing Plaintiff's Warrior Marks mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof owned or controlled by Defendant.

9.      Pursuant to Section 36 of the Lanham Act (15 U.S.C. § 1118), to seize and destroy all  labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of the Defendant, bearing marks which infringe upon the Warrior Marks.

10.     Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

11.     Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

12.     Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

13.     Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

14.     Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

15.     Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

16.     Awarding such other and further relief as the Court deems just and proper..

## JURY TRIAL DEMAND

Plaintiff Northern Artisan Potables LLC respectfully demands a jury on all issues so triable.


Respectfully submitted this 12th day of April, 2021.

**WHITAKER CHALK SWINDLE & SCHWARTZ PLLC**

*s/ Richard L. Schwartz*
RICHARD L. SCHWARTZ #44298
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Telephone: (817) 878-0500
E-mail:   rschwartz@whitakerchalk.com

**MESSNER REEVES LLP**

*s/ Kristina Wright*
KRISTINA WRIGHT #47337
1430 Wynkoop Street Suite 300
Denver, CO 80202
Telephone: (303) 623-1800
E-mail: kwright@messner.com

***Attorneys for Plaintiff***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of April, 2021, I electronically filed the foregoing **COMPLAINT AND JURY DEMAND** with the Clerk of the Court using the CM/ECF System.


<u>*/s/ Jennifer Arnt*                      </u>
Jennifer Arnt